UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff/Appellee,<br>vs.<br><br>MELISSA HEIL,<br><br>            Defendant/Appellant. | Case No.: 2:24-cv-01505-GMN-NJK<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE'S SENTENCE** |

Pending before the Court is the Notice of Appeal, (ECF No. 1), and the Amended Notice of Appeal, (ECF No. 3), filed by Appellant Melissa Heil.  Appellant filed an Opening Brief, (ECF No. 6), Appellee filed a Response, (ECF No. 7), and Appellant replied, (ECF No. 9). Because the Court finds that the Magistrate Judge did not abuse her discretion in sentencing Heil to two years of supervised probation, the Court AFFIRMS the sentence and DENIES Heil's appeal.

I.     **BACKGROUND**

This action arises from an appeal of Appellant Heil's criminal sentencing in Case No. 2:22-mj-00941-NJK-1. (*See generally* Opening Brief, ECF No. 6).  In May 2022, a ranger working in the Lake Mead National Recreation area pulled Ms. Heil over as she was traveling on Lake Mead Boulevard. (Presentence Report ("PSR") ¶ 7, ECF No. 47 in 2:22-mj-00941-NJK-1).  The ranger smelled marijuana coming from the car and conducted a traffic stop. (*Id*.). After noticing signs of impairment, the ranger discovered drugs and paraphernalia. (*Id*.).  Heil showed signs of impairment on the field sobriety test, and her blood draw indicated a presence of THC and methamphetamine. (*Id.* ¶ 7, p. 2).  Heil was charged with a DUI. (*Id.* at 4).

Over a year later, in September 2023, Heil was pulled over by a ranger in the Lake Mead Recreation Area for speeding. (*Id*. ¶ 8).  Heil's minor child was in the car. (*Id*.).  The ranger

noticed signs of impairment and conducted a field sobriety test, which Heil failed. (*Id.*). Heil's blood draw tested positive for marijuana, amphetamines, and methamphetamines. (*Id.*). Heil was subsequently arrested. (*Id.*).

Heil later pled guilty to operating a motor vehicle while under the influence of drugs, in violation of 36 C.F.R. § 4.23(a)(1), for both the 2022 and 2023 incidents. (Plea agreement, ECF No. 45, in 2:22-mj-00941-NJK-1). As part of the plea deal, the government agreed to amend the convictions to unsafe-operation convictions if Heil completed one year of supervised probation, among other conditions. (*Id.* at 2, 3). Before sentencing, the Probation Office recommended that she be sentenced to a three-year term of probation for each charge, to run concurrently. (PSR ¶ 66). Magistrate Judge Koppe sentenced Heil to two concurrent two-year terms of supervised probation. (*See generally* J., ECF No. 50, in 2:22-mj-00941-NJK-1). Heil appeals that sentence, arguing that the Magistrate Judge abused her discretion in sentencing her to a term of probation longer than the parties' joint recommendation. (*See generally* Opening Brief).

## II.  LEGAL STANDARD

When a defendant appeals a sentence imposed by a magistrate judge, the district court judge considers the appeal "as though the appeal were to a court of appeals from a sentence imposed by a district court." 18 U.S.C.A. § 3742(h). Federal Rule of Criminal Procedure 58 allows criminal defendants to appeal a sentence imposed by a magistrate judge within 14 days, but "[t]he defendant is not entitled to a trial de novo by the district judge." *Id.* § 3742. The Ninth Circuit directs the reviewing court to "first consider whether the [sentencing] court committed procedural error, then [it] consider[s] the substantive reasonableness of the sentence." *United States v. Apodaca*, 641 F.3d 1077, 1080 (9th Cir. 2011) (quoting *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc)).

When, as here, the appellant appeals the substantive reasonableness of the sentence, the reviewing court reviews the magistrate judge's sentence for abuse of discretion. *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). "The abuse of discretion standard applies to all sentencing decisions, whether the sentence is inside the [g]uidelines range or outside of it." *Carty*, 520 F.3d at 993. This deferential standard "should not resemble a de novo review" and "provide[s] relief only in rare cases." *United States v. Ellis*, 641 F.3d 411, 422 (9th Cir. 2011); *United States v. Ressam*, 679 F.3d 1069, 1088 (9th Cir. 2012). In evaluating substantive reasonableness, this Court looks to the "totality of the circumstances," *Carty*, 520 F.3d at 993, and reviews the district court's factual findings for "clear error." *United States v. Armstead*, 552 F.3d 769, 776 (9th Cir. 2008).

High deference is given to the sentencing court because "[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case." *Gall v. United States*, 552 U.S. 38, 51 (2007); *accord United States v. Orlando*, 553 F.3d 1235, 1238–39 (9th Cir. 2009) ("A district court's discretion under the § 3553(a) factors is quite broad."). Moreover, "[t]he weight to be given the various factors in a particular case is for the discretion of the district court." *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) (cleaned up). Courts "uphold a district court determination that falls within a broad range of permissible conclusions." *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010). "Under the abuse of discretion standard, we ask first whether the district court applied the correct legal rule, and then determine whether the court's application of the legal rule was either (1) illogical, (2) implausible, or (3) without support in the record." *United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (internal quotations omitted).

### III.  DISCUSSION

Appellant Heil presents three arguments that she alleges, coupled together, establish that the Magistrate Judge abused her discretion when she went above the joint recommendation of

the parties and instead sentenced Ms. Heil to two years of supervised probation. The Court takes up each argument in turn.

First, she argues that the Magistrate Judge did not have sufficient reason to go above the plea agreement and joint recommendation of the parties. (Opening Brief at 12). While it is true that "public policy strongly supports plea agreements," *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990), "[t]he sentencing court, of course, still has discretion to reject the joint recommendation." *United States v. Quach*, 302 F.3d 1096, 1101 (9th Cir. 2002). Appellant Heil even acknowledges that it was Magistrate Judge Koppe's "right" to impose a greater sentence than recommended in the plea agreement. (Opening Brief at 5). As discussed in more detail below, based on the record before her, the Magistrate Judge had a sufficient basis for imposing a two-year term of supervision. Thus, the Court is not persuaded by this argument.

Second, Appellant Heil argues that the Magistrate Judge's understandable desire to provide her with more structure is not a goal of sentencing. (Opening Brief at 13). Indeed, providing a defendant "with more structure" is not a § 3553(a) factor. *See* 18 U.S.C. § 3553(a). But the Magistrate Judge's goal in providing Heil more structure ultimately helps Heil manage her addiction and deters further criminal conduct, which is a § 3553(a) factor that judges may consider. *Id.* § 3553(a)(2)(B) (explaining that courts should consider the need "to afford adequate deterrence to criminal conduct" in determining the "need for the sentence imposed").

Appellant further contends that the Magistrate Judge abused her discretion when she failed to explain why two years of probation, rather than one year, was sufficient but not greater than necessary to comply with the goals of sentencing. (Opening Brief at 13). But the sentence Judge Koppe imposed is supported by the record and consistent with the statutory sentencing factors. For instance, the record reflects that Heil is addicted to methamphetamine and marijuana. (PSR ¶¶ 43–44). Notably, methamphetamine and marijuana were two of the drugs

impairing Heil in each of her DUIs in the present case. (*Id.* ¶¶ 7–8). The record further reflects that Heil's drug usage continued while she was on pretrial release; although, she was doing better by the time of sentencing. (*Id.* ¶ 6). Additionally, the record supports a finding that Heil's drugged driving endangered her juvenile passenger, herself, and any other drivers sharing the roadway on those two occasions. (PSR ¶¶ 7–8). The record further reflects Heil's numerous convictions for driving-related crimes. (*Id.* ¶¶ 12, 14, 17, 21, 22). As such, the sentence imposed by Judge Koppe appropriately reflected the seriousness of Heil's offenses and the record establishes why two years of supervised release was sufficient but not greater than necessary to comply with the goals of sentencing.

And third, Heil argues that the Magistrate Judge abused her discretion when sentencing her to two years of supervised release because she had already served nearly a year of presentence release with conditions. (Opening Brief at 13). She argues that it is "highly unusual" in the misdemeanor context for a defendant to be placed on supervised probation even in cases where the defendant has had multiple DUIs, other criminal history, or where there are extenuating circumstances. (*Id.* at 13–14). Appellant ultimately contends that her nearly one year of pretrial supervision coupled with two years of supervised release "does not achieve the policy goal of 'avoid[ing] unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" (*Id.* at 14 (citing 18 U.S.C. § 3553(a)(6)). But Heil has not shown that her sentence is so different from those given to other defendants that it would constitute an unwarranted sentencing disparity.

In conclusion, the Magistrate Judge's sentence, that fell within the guidelines range, was supported by the record, and was not clearly erroneous, does not constitute an abuse of discretion for the reasons discussed above.

///

///

IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Magistrate Judge Koppe's sentence is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Appellant Heil's Appeal, (ECF Nos. 1, 3) is **DENIED**.

**DATED** this __13__ day of February, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court